**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXTREME PLASTICS PLUS, INC., | ) | Case No. 16-10221 (CSS) |
| | ) | |
| Debtor. | ) | Tax I.D. No. XX-XXX6913 |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EPP INTERMEDIATE HOLDINGS, INC. | ) | Case No. 16-10222 (CSS) |
| | ) | |
| Debtor. | ) | Tax I.D. No. XX-XXX6129 |
| | ) | |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING JOINT**
**ADMINISTRATION OF THE DEBTORS' RELATED CHAPTER 11 CASES**

Extreme Plastics Plus, Inc. ("Extreme Plastics") and EPP Intermediate Holdings, Inc.
(collectively, the "Debtors"), as debtors and debtors-in-possession in the above-captioned cases,
hereby file their Motion for Entry of an Order Authorizing Joint Administration of the Debtors'
Related Chapter 11 Cases (the "Motion").[1]  In support of this Motion, the Debtors have filed the
Declaration of Ryan S. Bouley in Support of Chapter 11 Petitions and First Day Pleadings (the
"Bouley Declaration").  In further support hereof, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1.        This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157
and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The Debtors confirm
their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and
Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local
Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to

---

[1] The location of the Debtors' corporate headquarters and service address is: 360 Epic Circle Dr.,
Fairmont, WV 26554.

the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of these cases and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Bankruptcy Rules.

## BACKGROUND

4.      On January 31, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court") commencing the above-captioned chapter 11 cases.  The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Bouley Declaration, filed concurrently herewith and fully incorporated by reference.[2]

5.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No trustee or examiner has been appointed in these chapter 11 cases, and no committees have yet been appointed or designated.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Bouley Declaration.

## RELIEF REQUESTED

7.      By this Motion, pursuant Bankruptcy Rule 1015, and Local Bankruptcy Rule 1015-1, the Debtors request entry of an order (the "Order") directing joint administration of the Debtors' chapter 11 cases for procedural purposes only.

## BASIS FOR RELIEF REQUESTED

8.      Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Additionally, Local Bankruptcy Rule 1015-1 provides that:

> [a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

9.      Here, both Debtors have a case pending before the Court. The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code, and their operations are closely related.[3] As detailed in the Bouley Declaration and below, joint administration of the Debtors' cases is warranted and will ease the administrative burden for the Court and the parties involved with these cases. Accordingly, the Court is authorized to grant the relief requested herein.

10.      Jointly administering these related cases will prevent duplication of effort and unnecessary fees, and will not prejudice any party. Further, the Court and other bankruptcy courts have allowed joint administration under similar circumstances. Relief similar to that

---

[3] Debtor EPP Intermediate Holdings, Inc. is the 100% owner of the stock of Debtor Extreme Plastics Plus, Inc.

sought herein has been granted in comparable chapter 11 cases in this District and elsewhere. *See, e.g.,* In re Swift Energy Co., Case No. 15-12670 (MFW) (Bankr. D. Del. Jan. 5, 2016) [Docket No. 2]; In re Samson Resources Corp., Case No. 15-11934 (CSS) (Bankr. D. Del. Sep. 22, 2015) [Docket No. 70]; In re Hercules Offshore, Inc., Case No. 15-11685 (KJC) (Bankr. D. Del. Aug. 14, 2015) [Docket No. 41]; In re Signal International, Inc., Case No. 15-11498 (MFW) (Bankr. D. Del. Jul. 14, 2015) [Docket No. 55]; In re Cal Dive International, Inc., Case No. 15-10458 (CSS) (Bankr. D. Del. Mar. 6, 2015) [Docket No. 95].  The Debtors believe that it is in the best interests of the Debtors, their estates, and all creditors that their cases be jointly administered for procedural purposes.

11.     The Debtors anticipate that numerous notices, applications, motions, hearings, and orders in these cases will affect both of the Debtors.  With two debtors before the Court, each with its own case docket, the failure to administer these cases jointly would result in the filing of duplicative pleadings for each issue that arises in these cases, and the service of each of these duplicative pleadings on numerous overlapping service lists.  Joint administration of these cases will eliminate these cumbersome filings and reduce the waste and burden on judicial resources associated with the administration of these chapter 11 cases.  Joint administration will also reduce the burden on the United States Trustee in supervising these chapter 11 cases.

12.     The relief requested will not adversely affect creditors' rights, as this Motion requests only joint administration, not substantive consolidation, of the Debtors' cases.  For instance, creditors must still file proofs of claim against the particular Debtor's estate against whom they assert claims, rather than on a consolidated basis.  Indeed, the reduced costs resulting from joint administration of the Debtors' estates will enhance the rights of all creditors.

13.     The Debtors request that the official caption to be used by all parties in all pleadings and other filings in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXTREME PLASTICS PLUS, INC., *et al.*,[1] | ) | Case No. 16-10221 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

14.     The Debtors submit that use of this simplified caption will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

15.     The Debtors request that all pleadings and other documents to be filed in the jointly administered cases shall be filed and docketed in the case of Extreme Plastics Plus, Inc.

16.     The Debtors further request this Court's direction that a notation similar to the following be entered on the docket of each of the Debtors' cases to reflect the joint administration of these cases:

> An Order has been entered in this case directing the joint administration of the chapter 11 cases of Extreme Plastics Plus, Inc. and EPP Intermediate Holdings, Inc.

> The docket in Case No. 16-10221 (  ) should be consulted for all matters affecting this case.

17.     Finally, the Debtors seek authority to file the monthly operating reports required by the U.S. Trustee Operating Guidelines on a consolidated basis.  Consolidated monthly operating reports will further administrative economy and efficiency and will not prejudice any

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Extreme Plastics Plus, Inc. (6913) and EPP Intermediate Holdings, Inc. (6129). The location of the Debtors' corporate headquarters and service address is: 360 Epic Circle Dr., Fairmont, WV 26554.

party in interest, especially because EPP Intermediate Holdings, Inc. is a holding company with no operations.

18.     For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, and other parties in interest and should therefore be granted.

## NOTICE

19.     Notice of this Motion has been served on (i) the Office of the United States Trustee for the District of Delaware; (ii) each of the Debtors' twenty largest unsecured creditors and/or their counsel; (iii) counsel for Citizens Bank, as agent for the Debtors' pre-petition secured lenders; (iv) the United States Department of Justice; (v) the Internal Revenue Service; (vi) all relevant state and local taxing authorities; (vii) the United States Environmental Protection Agency; (viii) all relevant state environmental agencies; and (ix) all parties that have requested special notice pursuant to Bankruptcy Rule 2002.   Notice of the Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m).   Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested, the Debtors respectfully submit that no further notice of this Motion is required.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court: (i) enter an Order, in substantially the same form as that attached as Exhibit A, granting the relief requested herein; and (ii) provide such other relief as the Court deems appropriate and just.

Date:   February 1, 2016
        Wilmington, Delaware

SULLIVAN • HAZELTINE • ALLINSON LLC

*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
Elihu E. Allinson III (No. 3476)
901 North Street, Suite 1300
Wilmington, DE 19801
Telephone: (302) 428-8191
Facsimile: (302) 428-8195
Email: bsullivan@sha-llc.com
        whazeltine@sha-llc.com
        zallinson@sha-llc.com

*Proposed Attorneys for the Debtors and Debtors-in-Possession*

# EXHIBIT A

# PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXTREME PLASTICS PLUS, INC., | ) | Case No. 16-10221 (CSS) |
| | ) | Tax I.D. No. XX-XXX6913 |
| Debtor. | ) | |
| | ) | **Related Docket No. ____** |
| In re: | ) | Chapter 11 |
| | ) | |
| EPP INTERMEDIATE HOLDINGS, INC. | ) | Case No. 16-10222 (CSS) |
| | ) | Tax I.D. No. XX-XXX6129 |
| Debtor. | ) | |
| | ) | **Related Docket No. ___** |

**ORDER AUTHORIZING JOINT ADMINISTRATION OF THE**
**DEBTORS' RELATED CHAPTER 11 CASES**

Upon the Debtors' Motion for Entry of an Order Authorizing Joint Administration of the Debtors' Related Chapter 11 Cases ("Motion"); and upon consideration of the Bouley Declaration;[1] and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.      The Motion is granted.

2.      The above-captioned cases shall be administered jointly under Case No. 16-10221 (CSS) for procedural purposes only, in accordance with the provisions of Bankruptcy Rule 1015 and Local Bankruptcy Rule 1015-1.

---

[1] Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the Motion.

3.    The caption of pleadings and other documents filed in the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXTREME PLASTICS PLUS, INC., *et al.*,[1] | ) | Case No. 16-10221 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

4.    This caption shall be deemed to satisfy any applicable requirements of Bankruptcy Code section 342(c) and Bankruptcy Rule 2002(n).

5.    All pleadings and other documents to be filed in the jointly administered cases shall be filed and docketed in the case of Extreme Plastics Plus, Inc.

6.    A docket entry shall be made in each of the Debtors' chapter 11 cases substantially as follows:

An Order has been entered in this case directing the joint administration of the chapter 11 cases of Extreme Plastics Plus, Inc. and EPP Intermediate Holdings, Inc.

The docket in Case No. 16-10221 (CSS) should be consulted for all matters affecting this case.

7.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated:  Wilmington, Delaware
           February ___, 2016

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Extreme Plastics Plus, Inc. (6913) and EPP Intermediate Holdings, Inc. (6129). The location of the Debtors' corporate headquarters and service address is: 360 Epic Circle Dr., Fairmont, WV 26554.