## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXTREME PLASTICS PLUS, INC., *et al.*,[1] | ) | Case No. 16-10221 (CSS) |
| | ) | |
| Debtors. | ) | Joint Administration Pending |
| | ) | |

## MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING CONTINUED USE OF CASH MANAGEMENT SYSTEM AND PROCEDURES; (II) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS; AND (III) WAIVING THE REQUIREMENTS OF 11 U.S.C. § 345(B)

Extreme Plastics Plus, Inc. ("Extreme Plastics") and EPP Intermediate Holdings, Inc. (collectively, the "Debtors"), as debtors and debtors in possession in the above-captioned cases, as debtors and debtors in possession in the above-captioned cases, hereby file their Motion for Entry of Interim and Final Orders: (i) Authorizing Continued Use of Cash Management System and Procedures; (ii) Authorizing Maintenance of Existing Bank Accounts; and (iii) Waiving the Requirement of § 11 U.S.C. 345(b) (the "Motion"). In support of this Motion, the Debtors have filed the Declaration of Ryan S. Bouley in Support of Chapter 11 Petitions and First Day Pleadings (the "Bouley Declaration"). In further support hereof, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Extreme Plastics Plus, Inc. (6913) and EPP Intermediate Holdings, Inc. (6129). The location of the Debtors' corporate headquarters and service address is: 360 Epic Circle Dr., Fairmont, WV 26554.

Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of these cases and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105(a), 345, 363 and 364 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4.      On January 31, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court") commencing the above-captioned chapter 11 cases.  The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Bouley Declaration, filed concurrently herewith and fully incorporated by reference.[2]

5.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bouley Declaration.

6.      No trustee or examiner has been appointed in these chapter 11 cases, and no committees have yet been appointed or designated.

**RELIEF REQUESTED**

7.      By this Motion, the Debtors seek entry of interim and final orders, pursuant to Bankruptcy Code sections 105(a), 363, and 364(a): (i) authorizing, but not directing, the continued use of the Debtors' existing cash management system and procedures; (ii) authorizing the maintenance of existing bank accounts, and (iii) authorizing a waiver of certain operating guidelines relating to these bank accounts set forth in the U.S. Department of Justice, Office of the United States Trustee: Guidelines for Debtors-in-Possession (the "U.S. Trustee Guidelines"), and (iv) waiving the requirements of section 345(b) of the Bankruptcy Code on an interim and final basis.  The Debtors further seek waiver of the requirements of Bankruptcy Rules 6003 and 6004.

**BASIS FOR RELIEF REQUESTED**

**A.      The Debtors' Existing Bank Accounts and Cash Management System.**

8.      The Debtors' existing bank accounts (as defined below, the "Bank Accounts") and cash management system and procedures ("Cash Management System") are structured to maximize efficiency within the Debtors' internal financial operations.  In the ordinary course of business, the Debtors use the Cash Management System to streamline collection, transfer, and disbursement of funds generated by the Debtors' business operations.

9.      Prior to the commencement of these chapter 11 cases, in the ordinary course of their businesses, the Debtors maintained seven separate bank accounts (the "Bank Accounts"), which are utilized to collect funds for their operations and to pay operating and administrative expenses in connection therewith. The Bank Accounts are all maintained with Citizens Bank of

Pennsylvania ("Citizens Bank") (which is also the Agent for the Secured Lenders, as discussed in the Bouley Declaration), and are as follows:

| Account Number | Account Name | Purpose |
|---|---|---|
| ******4583 | Extreme Plastics Plus Inc. Operating | Demand deposit account for cash receipts & payables |
| ******0388 | Three Amigos Rentals Operating | Demand deposit account for cash receipts & payables |
| ******0876 | American Well Service LLC Operating | Demand deposit account for cash receipts & payables |
| ******4575 | Extreme Plastics Plus Inc. Payroll | Demand deposit account for payroll |
| ******0396 | Three Amigos Rentals Payroll | Demand deposit account for payroll |
| ******0884 | American Well Service LLC Payroll | Demand deposit account for payroll |
| ******2593 | EPP 401K Employee Deferral | Accumulating & paying employee 401K withholding |

10.    The Debtors utilize the three Bank Accounts described as "operating" accounts (account numbers ending in 4583, 0388, and 0876) to receive payments on accounts receivable and pay trade and debt expenses of the operating Debtor, Extreme Plastics Plus, Inc.,[3] with the exception of payments on the Secured Facility and certain other payments made by Extreme Plastics Plus, Inc. on behalf of both Debtors, as discussed below.

11.    The Debtors utilize the three Bank Accounts labeled above as "payroll" accounts (account numbers ending in 4575, 0396, and 0884) for payment of payroll and tax withholdings. Funds necessary for such payments are transferred for each pay period from the Debtor's "operating" account to the "payroll" accounts.

12.    The Debtors utilize the remaining Bank Account listed above (account number ending in 2593) for making payments to fund employee 401k contributions, which are funds transferred and withheld from payroll payments as directed by certain employees.

---

[3] As discussed in the Bouley Declaration, two subsidiaries of Debtor EPP Holdings, Inc. were merged into Debtor Extreme Plastics Plus, Inc. effective January 1, 2016.

13.    The Debtors believe that all of the Bank Accounts are in a financially stable banking institution (Citizens Bank), with FDIC insurance (up to an applicable limit, if any, per Debtor).

**B.    The Debtors Should be Authorized to Continue to Use the Existing Cash Management System.**

14.    The cash management procedures utilized by the Debtors constitute ordinary, usual, and essential business practices and are similar to those used by other major corporate enterprises.  The cash management system facilitates cash forecasting and reporting, monitors collection and disbursement of funds, reduces administrative expenses by facilitating the movement of funds and the development of more timely and accurate balance and presentment information, and administers the various bank accounts required to effect the collection, disbursement, and movement of cash.  The cash management system benefits the Debtors in significant ways, including the ability to: (i) control corporate funds; (ii) ensure availability of funds when necessary; and (iii) reduce administrative expenses by facilitating the movement of funds and the development of more timely and accurate balance and presentment information.

15.    The operation of the Debtors' business requires that the cash management system continue during the pendency of these chapter 11 cases.  Requiring the Debtors to adopt a new, segmented cash management system at this early and critical stage of these cases would be expensive, would create unnecessary administrative problems, and would likely be much more disruptive than productive. Any such disruption could have an adverse impact upon the Debtors' ability to reorganize.

16.    Allowing the Debtors to utilize their prepetition cash management system is entirely consistent with applicable provisions of the Bankruptcy Code.  In particular, this Court has the authority to grant the requested relief pursuant to its equitable powers under section

105(a) of the Bankruptcy Code.  Section 105(a) provides, in relevant part, that the Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

17.    Indeed, bankruptcy courts routinely permit chapter 11 debtors to continue using their existing cash management system, generally treating requests for such relief as a relatively "simple matter."  In re Baldwin-United Corp., 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987); see also In re Columbia Gas Sys., Inc., 136 B.R. 930, 934 (Bankr. D. Del. 1992)  (recognizing that an integrated cash management system "allows efficient utilization of cash resources and recognizes the impracticalities of maintaining separate cash accounts for the many different purposes that require cash"), aff'd in part and rev'd in part, 997 F.2d 1039 (3d Cir. 1993), cert. denied. sub nom. Official Comm. of Unsecured Creditors v. Columbia Gas Transmission Corp., 510 U.S. 1110 (1994).  Moreover, this Court has granted substantially similar relief in other chapter 11 bankruptcy cases. See, e.g., In re Swift Energy Co., Case No. 15-12670 (MFW) (Bankr. D. Del. Jan. 5, 2016) [Docket No. 60]; In re Samson Resources Corp., Case No. 15-11934 (CSS) (Bankr. D. Del. Sept. 22, 2015) [Docket No. 87]; In re Hercules Offshore, Inc., Case No. 15-11685 (KJC) (Bankr. D. Del. Aug. 14, 2015) [Docket No. 48]; In re Signal International, Inc., Case No. 15-11498 (MFW) (Bankr. D. Del. Aug. 11, 2015) [Docket No. 204]; In re Cal Dive International, Inc., Case No. 15-10458 (CSS) (Bankr. D. Del. May 6, 2015) [Docket No. 330].  The Debtors respectfully submit that such relief should be granted here.

**C.    The Debtors Should be Authorized to Maintain Their Existing Bank Accounts, and Waive Certain Requirements of the U.S. Trustee Guidelines.**

18.    The U.S. Trustee has established the U.S. Trustee Guidelines for debtors in possession in order to supervise the administration of chapter 11 cases. The U.S. Trustee Guidelines require chapter 11 debtors to, among other obligations: (a) close all existing bank

accounts and open new debtor in possession bank accounts for which the signature cards shall indicate that the debtor is a "Chapter 11 Debtor-in-Possession"; (b) establish a new payroll account; and (c) maintain any funds in excess of the amount required for current operations in an interest-bearing account.    These requirements are designed to draw a clear line of demarcation between prepetition and postpetition transactions and operations and prevent the inadvertent postpetition payment of prepetition claims. Pursuant to Bankruptcy Code sections 105(a) and 363, the Debtors seek a waiver of these requirements and authorization to continue using their existing bank accounts.

19.    The Debtors seek a waiver of the U.S. Trustee's requirement that the prepetition Bank Accounts be closed and that new post-petition bank accounts be opened. If enforced in these cases, such a requirement would cause enormous disruption in the Debtors' business and would impair the Debtors' efforts to reorganize and pursue other alternatives to maximize the value of their estates. Indeed, as explained in more detail below, the Bank Accounts comprise an established cash management system that the Debtors need to maintain in order to ensure smooth collections and disbursements in the ordinary course.

20.    Accordingly, in order to avoid delays in payments to administrative creditors, to ensure as smooth a transition into chapter 11 as possible with minimal disruption, and to aid in the Debtors' efforts to complete these cases successfully and rapidly, the Debtors must be permitted to continue to maintain their existing Bank Accounts and, if necessary, open new and close existing accounts, wherever needed, whether or not such banks are designated depositories in the District of Delaware.

21.    The Debtors seek authority to keep the Bank Accounts open and to utilize them on an as-needed basis at the Debtors' discretion in the ordinary course of business.  The Debtors

further request that the Banks be authorized and directed to continue to administer the Bank Accounts in the usual and ordinary course, and to pay any and all checks, drafts, wires, or electronic funds transfers presented, issued, or drawn on the Banks on account of claims arising on or after the Petition Date so long as sufficient funds are in said Bank Accounts.

22.     The Debtors further request that Citizens Bank be restrained from honoring any check, draft, wire, or electronic funds transfer presented, issued, or drawn on the Bank Accounts and on account of a prepetition claim unless: (i) authorized in an order of this Court; (ii) not otherwise prohibited by a "stop payment" request received by the Banks from the Debtors; and (iii) supported by sufficient funds in the account in question.

23.     To effectuate the foregoing, the Debtors request that the Banks be authorized and directed to rely on all representations from the Debtors as to which checks should be honored or dishonored.  To the extent that the Debtors have directed that any prepetition checks be dishonored, they reserve the right to issue replacement checks to pay the amounts related to such dishonored checks consistent with the orders of this Court.

24.     In addition, subject to a prohibition against honoring prepetition checks without specific authorization from this Court, the Debtors request that the Bank Accounts be deemed to be debtor in possession accounts and that their maintenance and continued use, in the same manner and with the same account numbers, styles, and document forms as those employed during the prepetition period, be authorized.  Changing correspondence and business forms would be expensive, unnecessary, and burdensome to the Debtors' estates and disruptive to the Debtors' business operations and would not confer any benefit upon those dealing with the Debtors.  For these reasons, the Debtors request that they be authorized to use existing checks and business forms without being required to place the label "Debtor in Possession" on each.

25.     The Debtors represent that if the relief requested in this Motion is granted, they will not pay, and each of the banks at which the Bank Accounts are maintained will be directed not to pay, any debts incurred before the Petition Date, other than as authorized by this Court.

26.     Courts generally recognize in cases of this size that the strict enforcement of bank account closing requirements does not serve the rehabilitative purposes of chapter 11. Accordingly, this Court, and others, have waived such requirements and replaced them with alternative procedures that provide the same protections. *See, e.g.,* In re Swift Energy Co., Case No. 15-12670 (MFW) (Bankr. D. Del. Jan. 5, 2016) [Docket No. 60]; In re Samson Resources Corp., Case No. 15-11934 (CSS) (Bankr. D. Del. Sept. 22, 2015) [Docket No. 87]; In re Hercules Offshore, Inc., Case No. 15-11685 (KJC) (Bankr. D. Del. Aug. 14, 2015) [Docket No. 48]; In re Signal International, Inc., Case No. 15-11498 (MFW) (Bankr. D. Del. Aug. 11, 2015) [Docket No. 204]; In re Cal Dive International, Inc., Case No. 15-10458 (CSS) (Bankr. D. Del. May 6, 2015) [Docket No. 330].

**D.      The Debtors Request that the Court Waive the Deposit Requirements of 11 U.S.C. §345(b) on an Interim Basis.**

27.     The Debtors request that the Court waive the requirements of section 345(b) of the Bankruptcy Code on an interim basis and permit them to maintain their deposits in their Bank Accounts in accordance with their existing deposit practices until such time as the Debtors obtain this Court's approval to deviate from the guidelines imposed under section 345(b) of the Bankruptcy Code on a final basis or as otherwise ordered by the Court.

28.     Section 345(a) of the Bankruptcy Code authorizes deposits or investments of money of a bankruptcy estate, such as cash, in a manner that will "yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." 11 U.S.C. § 345(a).   For deposits or investments that are not "insured or

guaranteed by the United States or by a department agent or instrumentality of the United States or backed by the full faith and credit of the United States," section 345(b) of the Bankruptcy Code provides that the estate must require from the entity with which the money is deposited or invested a bond in favor of the United States secured by the undertaking of an adequate corporate surety.  11 U.S.C. § 345(b).

29.    A court may, however, relieve a debtor-in-possession of the restrictions imposed by section 345(b) for "cause."   11 U.S.C. § 345(b).   Consistent with section 345(b) of the Bankruptcy Code, Local Bankruptcy Rule 2015-2(b) provides that no waiver of "section 345 shall be granted by the Court, without notice and an opportunity for hearing, in accordance with these Local Rules."  Nevertheless, Local Bankruptcy Rule 2015-2(b) further provides that "if a motion for such waiver is filed on the first day of a chapter 11 case in which there are more than 200 creditors, the Court may grant an interim waiver until a hearing on the Debtors' motion can be held."  As this Motion is being filed on the first day of the Debtors' chapter 11 cases and the Debtors collectively have in excess of 200 creditors, the Debtors request that the Court enter an order waiving, on an interim basis, the requirements of Section 345(b) for thirty (30) days, without prejudice to the Debtors' ability to seek a further interim or final waiver.

30.    The Bank Accounts are held at Citizens Bank.   The Debtors submit that a corporate surety that may be obtained to guarantee the safety of funds in the Bank Accounts would not have significantly greater financial strength than Citizens Bank.  Given the relative security of, and internal controls over, the Bank Accounts, the Debtors submit that cause exists to grant an interim thirty (30) day waiver of the requirements of section 345(b) of the Bankruptcy Code.  This Court previously has granted similar relief on numerous occasions. *See, e.g.,* In re Swift Energy Co., Case No. 15-12670 (MFW) (Bankr. D. Del. Jan. 5, 2016)

[Docket No. 60]; In re Hercules Offshore, Inc., Case No. 15-11685 (KJC) (Bankr. D. Del. Aug. 14, 2015) [Docket No. 48]; In re Signal International, Inc., Case No. 15-11498 (MFW) (Bankr. D. Del. July 14, 2015) [Docket No. 57]; (45-day waiver) In re Cal Dive International, Inc., Case No. 15-10458 (CSS) (Bankr. D. Del. March 6, 2015) [Docket No. 67].

## WAIVER OF BANKRUPTCY RULE 6004

31.    To successfully implement the relief requested in the Motion, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent those rules are applicable.

## NOTICE

32.    Notice of this Motion has been served on (i) the Office of the United States Trustee for the District of Delaware; (ii) each of the Debtors' twenty largest unsecured creditors and/or their counsel; (iii) counsel for Citizens Bank, as agent for the Debtors' pre-petition secured lenders; (iv) the United States Department of Justice; (v) the Internal Revenue Service; (vi) all relevant state and local taxing authorities; (vii) the United States Environmental Protection Agency; (viii) all relevant state environmental agencies; (ix) Citizens Bank; and (x) all parties that have requested special notice pursuant to Bankruptcy Rule 2002.   Notice of the Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m).  Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested, the Debtors respectfully submit that no further notice of this Motion is required.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court: (i) enter an Order, in substantially the same form as that attached as <u>Exhibit A</u>, granting the relief requested herein; (ii) schedule a final hearing on the Motion as soon as practicable thereto to consider entry of the Final Order substantially in the form annexed hereto as Exhibit B; (iii) provide such other relief as the Court deems appropriate and just.

Date:   February 1, 2016            **SULLIVAN • HAZELTINE • ALLINSON** LLC
       Wilmington, Delaware

                                 */s/ William D. Sullivan*
                                 William D. Sullivan (No. 2820)
                                 William A. Hazeltine (No. 3294)
                                 Elihu E. Allinson III (No. 3476)
                                 901 North Market Street, Suite 1300
                                 Wilmington, DE 19801
                                 Telephone: (302) 428-8191
                                 Facsimile: (302) 428-8195
                                 Email: bsullivan@sha-llc.com
                                          whazeltine@sha-llc.com
                                          zallinson@sha-llc.com

                                 *Proposed Attorneys for the Debtors*
                                 *and Debtors-in-Possession*

# **EXHIBIT A**

## **PROPOSED INTERIM ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXTREME PLASTICS PLUS, INC., *et al.*,[1] | ) | Case No. 16-10221 (CSS) |
| | ) | (Joint Administration Pending) |
| Debtors. | ) | |
| | ) | **Related Docket No. _____** |

**INTERIM ORDER (I) AUTHORIZING CONTINUED USE OF CASH
MANAGEMENT SYSTEM AND PROCEDURES; (II) AUTHORIZING
MAINTENANCE OF EXISTING BANK ACCOUNTS; AND
(III) WAIVING THE REQUIREMENTS OF 11 U.S.C. § 345(B)**

Upon the Debtors' Motion for Entry of Interim and Final Orders: (i) Authorizing Continued Use of Cash Management System and Procedures; (ii) Authorizing Maintenance of Existing Bank Accounts; and (iii) Waiving the Requirement of § 11 U.S.C. 345(b) (the "Motion")[2] and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein;

2.      The Final Hearing on the Motion will be held on February ____, 2016 at ____:____ ____.m. prevailing Eastern time.  Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by proposed counsel for the Debtors on or before February

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Extreme Plastics Plus, Inc. (6913); EPP Intermediate Holdings, Inc. (6129). The location of the Debtors' corporate headquarters and service address is: 360 Epic Circle Dr., Fairmont, WV 26554.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

16, 2016 at 4:00 p.m. prevailing Eastern time.  If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

3.    The Debtors are authorized and directed to continue to use their existing cash management system and shall maintain through the use thereof detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Debtors' cash management system, except as modified by this Order.  In connection with the ongoing utilization of their cash management system, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, and recorded properly.

4.    Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are authorized and directed to: (i) designate, maintain, and continue to use any and all of the Bank Accounts in existence as of the Petition Date, with the same account numbers, including the accounts identified in the Motion; (ii) if necessary, open new accounts wherever they are needed, whether or not such banks are designated depositories in the District of Delaware; and (iii) treat the Bank Accounts for all purposes as accounts of the Debtors in their capacity as debtors in possession; provided, however, that the Debtors may only open new bank accounts with Banks that agree to be bound by the terms of this Order and, in particular, the Debtors' cash management system.

5.    The Debtors are authorized to continue to use their existing business forms and checks without alteration or change and without the designation "Debtor in Possession" or a "debtor in possession case number" imprinted upon them.  To the extent that the Debtors open or close bank accounts, they shall provide notice to the United States Trustee and the pre- and post-petition lenders.

6.      After the Petition Date, and subject to the terms of this Order, Citizens Bank is authorized and directed to continue to administer the Bank Accounts as such accounts were maintained prepetition, without interruption and in the usual and ordinary course, and to pay any and all checks, drafts, wires, or electronic funds transfers presented, issued, or drawn on the Bank Accounts on account of a claim arising on or after the Petition Date so long as sufficient funds are in said Bank Accounts;  provided, however, that unless otherwise ordered by the Court, no checks, drafts, electronic funds transfers (excluding any electronic funds transfer that the banks are obligated to settle), or other items presented, issued, or drawn on the Bank Accounts prior to the Petition Date shall be honored.

7.      Subject to the provisions of this Order, Citizens Bank is authorized and directed to honor all representations from the Debtors as to which check should be honored or dishonored.

8.      The Debtors shall serve a copy of this Order on Citizens Bank within five (5) business days of the entry of this Order.

9.      The Debtors are otherwise authorized to deposit funds in accordance with their established deposit practices in effect as of the commencement of these cases and, to the extent such deposit practices are not consistent with the requirements of section 345(b) of the Bankruptcy Code or of the U.S. Trustee Operating Guidelines for Chapter 11 Cases, such requirements are waived for thirty (30) days, on an interim basis only, without prejudice to the Debtors' right to seek a further interim waiver or final waiver.

10.      The (i) the fourteen-day stay under Fed. R. Bankr. P. 6004(h) is hereby waived with respect to this Order, and (ii) the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.      The requirements of Bankruptcy Rule 6004(a) are waived.

12.     The Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13.     This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
          February __, 2016

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge

# **EXHIBIT B**

## **PROPOSED FINAL ORDER**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXTREME PLASTICS PLUS, INC., et al.,[1] | ) | Case No. 16-10221 (CSS) |
| | ) | Joint Administration Pending |
| Debtors. | ) | |
| | ) | **Related Docket No. ____** |

**FINAL ORDER (I) AUTHORIZING CONTINUED USE OF CASH**
**MANAGEMENT SYSTEM AND PROCEDURES; (II) AUTHORIZING**
**MAINTENANCE OF EXISTING BANK ACCOUNTS; AND**
**(III) WAIVING THE REQUIREMENTS OF 11 U.S.C. § 345(B)**

Upon the Debtors' Motion for Entry of Interim and Final Orders: (i) Authorizing

Continued Use of Cash Management System and Procedures; (ii) Authorizing the Continuation

of Intercompany Transactions and Granting Post-petition Intercompany Claims Administrative

Expense Status; (iii) Authorizing Maintenance of Existing Bank Accounts; and (iv) Waiving the

Requirement of § 11 U.S.C. 345(b) (the "Motion")[2] and the Court finding that (a) the Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due

and proper under the circumstances; and it appearing that the relief requested in the Motion is in

the best interests of the Debtors' estates, their creditors, and other parties in interest; and after

due deliberation, and good and sufficient cause appearing therefor, it is HEREBY ORDERED

THAT:

1.     The Motion is granted on a Final basis as set forth herein.

2.     The Debtors are authorized and directed to continue to use their existing cash

management system and shall maintain through the use thereof detailed records reflecting all

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Extreme Plastics Plus, Inc. (6913); EPP Intermediate Holdings, Inc. (6129). The location of the Debtors' corporate headquarters and service address is: 360 Epic Circle Dr., Fairmont, WV 26554.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Debtors' cash management system, except as modified by this Order.  In connection with the ongoing utilization of their cash management system, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, and recorded properly.

3.      Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are authorized and directed to: (i) designate, maintain, and continue to use any and all of the Bank Accounts in existence as of the Petition Date, with the same account numbers, including the accounts identified in the Motion; (ii) if necessary, open new accounts wherever they are needed, whether or not such banks are designated depositories in the District of Delaware; and (iii) treat the Bank Accounts for all purposes as accounts of the Debtors in their capacity as debtors in possession; provided, however, that the Debtors may only open new bank accounts with Banks that agree to be bound by the terms of this Order and, in particular, the Debtors' cash management system.

4.      The Debtors are authorized to continue to use their existing business forms and checks without alteration or change and without the designation "Debtor in Possession" or a "debtor in possession case number" imprinted upon them.  To the extent that the Debtors open or close bank accounts, they shall provide notice to the United States Trustee and the pre- and post-petition lenders.

5.      After the Petition Date, and subject to the terms of this Order, Citizens Bank is authorized and directed to continue to administer the Bank Accounts as such accounts were maintained prepetition, without interruption and in the usual and ordinary course, and to pay any and all checks, drafts, wires, or electronic funds transfers presented, issued, or drawn on the Bank Accounts on account of a claim arising on or after the Petition Date so long as sufficient

funds are in said Bank Accounts;  provided, however, that unless otherwise ordered by the Court, no checks, drafts, electronic funds transfers (excluding any electronic funds transfer that the banks are obligated to settle), or other items presented, issued, or drawn on the Bank Accounts prior to the Petition Date shall be honored.

6.      Subject to the provisions of this Order, Citizens Bank is authorized and directed to honor all representations from the Debtors as to which check should be honored or dishonored.

7.      The Debtors shall serve a copy of this Order on Citizens Bank within five (5) business days of the entry of this Order.

8.      The Debtors are otherwise authorized to deposit funds in accordance with their established deposit practices in effect as of the commencement of these cases and, to the extent such deposit practices are not consistent with the requirements of section 345(b) of the Bankruptcy Code or of the U.S. Trustee Operating Guidelines for Chapter 11 Cases, such requirements are waived on a Final basis.

9.      The Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10.      This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
         February ___, 2016

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge