# **EXHIBIT B**

# **PROPOSED FINAL ORDER**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXTREME PLASTICS PLUS, INC., et al.,[1] | ) | Case No. 16-10221 (CSS) |
| | ) | Joint Administration Pending |
| Debtors. | ) | |
| | ) | **Related Docket No. \_\_\_\_** |

**FINAL ORDER (I) AUTHORIZING CONTINUED USE OF CASH MANAGEMENT SYSTEM AND PROCEDURES; (II) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS; AND (III) WAIVING THE REQUIREMENTS OF 11 U.S.C. § 345(B)**

Upon the Debtors' Motion for Entry of Interim and Final Orders: (i) Authorizing Continued Use of Cash Management System and Procedures; (ii) Authorizing the Continuation of Intercompany Transactions and Granting Post-petition Intercompany Claims Administrative Expense Status; (iii) Authorizing Maintenance of Existing Bank Accounts; and (iv) Waiving the Requirement of § 11 U.S.C. 345(b) (the "Motion")[2] and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a Final basis as set forth herein.

2. The Debtors are authorized and directed to continue to use their existing cash management system and shall maintain through the use thereof detailed records reflecting all

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Extreme Plastics Plus, Inc. (6913); EPP Intermediate Holdings, Inc. (6129). The location of the Debtors' corporate headquarters and service address is: 360 Epic Circle Dr., Fairmont, WV 26554.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

- 2 -

transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Debtors' cash management system, except as modified by this Order.  In connection with the ongoing utilization of their cash management system, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, and recorded properly.

3. Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are authorized and directed to: (i) designate, maintain, and continue to use any and all of the Bank Accounts in existence as of the Petition Date, with the same account numbers, including the accounts identified in the Motion; (ii) if necessary, open new accounts wherever they are needed, whether or not such banks are designated depositories in the District of Delaware; and (iii) treat the Bank Accounts for all purposes as accounts of the Debtors in their capacity as debtors in possession; provided, however, that the Debtors may only open new bank accounts with Banks that agree to be bound by the terms of this Order and, in particular, the Debtors' cash management system.

4. The Debtors are authorized to continue to use their existing business forms and checks without alteration or change and without the designation "Debtor in Possession" or a "debtor in possession case number" imprinted upon them.  To the extent that the Debtors open or close bank accounts, they shall provide notice to the United States Trustee and the pre- and post-petition lenders.

5. After the Petition Date, and subject to the terms of this Order, Citizens Bank is authorized and directed to continue to administer the Bank Accounts as such accounts were maintained prepetition, without interruption and in the usual and ordinary course, and to pay any and all checks, drafts, wires, or electronic funds transfers presented, issued, or drawn on the Bank Accounts on account of a claim arising on or after the Petition Date so long as sufficient

funds are in said Bank Accounts; provided, however, that unless otherwise ordered by the Court, no checks, drafts, electronic funds transfers (excluding any electronic funds transfer that the banks are obligated to settle), or other items presented, issued, or drawn on the Bank Accounts prior to the Petition Date shall be honored.

6. Subject to the provisions of this Order, Citizens Bank is authorized and directed to honor all representations from the Debtors as to which check should be honored or dishonored.

7. The Debtors shall serve a copy of this Order on Citizens Bank within five (5) business days of the entry of this Order.

8. The Debtors are otherwise authorized to deposit funds in accordance with their established deposit practices in effect as of the commencement of these cases and, to the extent such deposit practices are not consistent with the requirements of section 345(b) of the Bankruptcy Code or of the U.S. Trustee Operating Guidelines for Chapter 11 Cases, such requirements are waived on a Final basis.

9. The Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
       February ___, 2016

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　The Honorable Christopher S. Sontchi
　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge